NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3127

TONYA M. ANDERSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Tonya M. Anderson, of Cleveland, Ohio, pro se.

Christopher J. Carney, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director.  Of counsel was Paul St. Hillaire, Office of Personnel Management, of Washington, DC.

Appealed from:  United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3127

TONYA M. ANDERSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

DECIDED:  June 11, 2007

Before LOURIE, SCHALL, and PROST <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Tonya M. Anderson petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Office of Personnel Management ("OPM"), denying her application for disability retirement as untimely. <u>Anderson v. Office of Pers. Mgmt.</u>, No. CH-844E-06-0550-I-1 (M.S.P.B. Jan. 24, 2007). We <u>affirm</u>.

DISCUSSION

I.

Ms. Anderson was removed from her position with the United States Postal Service ("USPS") on February 13, 2000. On October 1, 2005, she filed an application for disability retirement under the Federal Employees Retirement System ("FERS") with OPM. On March 27, 2006, OPM notified Ms. Anderson that her disability application did not meet the one-year time filing deadline, statutorily set forth at 5 U.S.C. § 8453.[1] The letter additionally notified Ms. Anderson that "this time limit may only be waived if a former employee was mentally incompetent at the time of separation or became incompetent within one year thereafter." OPM, in the letter, further requested that Ms. Anderson submit evidence in order for OPM to make a competency determination regarding waiver of her untimely filing.

Ms. Anderson responded to OPM's letter on April 9, 2006, stating that she did not need a mental evaluation and that her application was late because she was waiting to hear from her attorney regarding a worker's compensation claim and from the USPS about other employment opportunities. On April 19, 2006, OPM dismissed her application for disability retirement benefits as untimely. OPM explained that the medical evidence in Ms. Anderson's file, which related to an on-the-job ankle injury, did

---

[1] Section 8453 provides:

A claim may be allowed . . . only if application is filed with [OPM] before the employee or Member is separated from the service or within 1 year thereafter. This time limitation may be waived by [OPM] for an employee or Member who, at the date of separation from service or within 1 year thereafter, is mentally incompetent if the application is filed with [OPM] within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier.

not establish that she was physically or mentally incompetent at the time of her February 13, 2000 separation from physical service or within one year thereafter.

On May 30, 2006, Ms. Anderson appealed the OPM decision to the Board. In an initial decision dated September 14, 2006, the administrative judge ("AJ") affirmed OPM's determination that Ms. Anderson's disability retirement application was untimely filed and that Ms. Anderson was not eligible for a waiver of the one-year time limit because she had failed to prove that she was incompetent. Anderson v. Office of Pers. Mgmt., No. CH-844E-06-0550-I-1 (M.S.P.B. Sept. 14, 2006). The AJ noted that Ms. Anderson insisted to OPM that she did not need a mental evaluation and that she did not raise any issue that she was mentally incompetent in her appeal to the Board. On January 24, 2007, the AJ's initial decision became the final decision of the Board when the Board denied Ms. Anderson's petition for review. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

As noted, pursuant to 5 U.S.C. § 8453, an application for FERS disability retirement must be filed with OPM before the employee is separated from service or within one year thereafter. This statutory one-year filing deadline "may be waived by

[OPM] for an employee or Member who, at the date of separation from service or within 1 year thereafter, is mentally incompetent if the application is filed with [OPM] within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier." 5 U.S.C. § 8453.

On appeal, Ms. Anderson does not argue that she was mentally incapacitated during the applicable period. Instead, she argues that she has a physical disability and therefore needs retirement more than she needs employment. She additionally points to the assessment results from her application to the USPS Associate Supervisor Program and a doctor's statement regarding her ankle injury.

Based on our review of the record, we hold that the Board's decision that Ms. Anderson was not entitled to a waiver of the one-year time limit is supported by substantial evidence. Ms. Anderson made no attempt in her appeal to the Board or in her appeal to this court to demonstrate that was mentally incapacitated during the applicable period. Instead, as the AJ noted in his September 14, 2006 initial decision, Ms. Anderson asserted to OPM that she did not need a mental evaluation. We thus agree with the Board's decision that Ms. Anderson's disability retirement application was untimely filed and that because Ms. Anderson failed to prove that she was incompetent, she was not eligible for a waiver of the statutory one-year filing deadline.

For the foregoing reasons, the decision of the Board sustaining OPM's reconsideration decision rejecting Ms. Anderson's application for disability retirement benefits as untimely filed is affirmed.

No costs.